GERALDINE H. KIRKPATRICK, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kirkpatrick v. Commissioner
Docket No. 23488-90
United States Tax Court
T.C. Memo 1992-421; 1992 Tax Ct. Memo LEXIS 446; 64 T.C.M. (CCH) 277; July 27, 1992, Filed *446 As appropriate order and decision will be entered. For Petitioner: Walter Weiss. For Respondent: Jennifer H. Decker. DINAN
DINAN
MEMORANDUM OPINION DINAN, Special Trial Judge: This matter is before the Court on petitioner's motion for allowance of reasonable litigation costs filed pursuant to section 7430 and Rule 231. [1]
This case was settled without trial. A stipulation of settlement was filed with the Court on October 28, 1991. Respondent filed a response to petitioner's motion and petitioner then filed a reply to respondent's response to petitioner's motion. Pursuant to section 7430(a), the "prevailing party" in any administrative or court proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable *447 costs incurred in connection with such proceeding. Petitioner bears the burden of proof that she is entitled to such an award. Rule 232(e); . To be eligible for an award of litigation costs, petitioner must establish that: (1) All administrative remedies available to her have been exhausted; and (2) she satisfies the statutory definition of a prevailing party. Sec. 7430(b)(1) and (c)(4). To fall within the statutory definition of prevailing party, petitioner must establish that: (1) The position of the United States in the proceeding was not substantially justified; (2) she has substantially prevailed with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) she meets specified net worth requirements. Sec. 7430(c)(4)(A)(i)-(iii). Respondent agrees that petitioner has substantially prevailed in this case and that the position of respondent was not substantially justified. Respondent also agrees that petitioner has not unreasonably protracted the proceedings in this case. Section 7430(b)(4). Respondent does not agree that petitioner *448 has exhausted all available administrative remedies or that petitioner meets the net worth requirement, nor does she agree that the amount of costs claimed is reasonable. In the response to petitioner's motion for costs, respondent specifically stated that she does not agree that petitioner meets the net worth requirements of section 7430(c)(4)(A)(iii) because petitioner had not submitted any proof of her net worth. In petitioner's reply to respondent's previously filed response to petitioner's motion, no mention was made of the net worth requirement. In , we denied the taxpayer's motion for an award of litigation costs on the ground that the taxpayer offered no proof as to net worth. As we stated in : In this case, it is obvious that petitioners are aware of the net worth requirements. Petitioners were put on notice that respondent was specifically objecting to an award of litigation costs because of petitioners' failure to offer any proof of their net worth. Petitioners, nevertheless, failed to provide any supporting information to establish *449 the net worth or to even address the issue in the supplemental motion and reply brief. Petitioners have not asked for a hearing to specifically address this issue in accordance with Rule 231(b)(6). Having failed to offer any proof that they meet the net worth requirements necessary to be a "prevailing party" under section 7430(c)(2)(A)(iii), petitioners are not entitled to an award of litigation costs. Since petitioner has offered no proof as to net worth, her motion for award of litigation costs will be denied. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩